SAMUEL L. KNOWLES

*vs.*

SCHOOL DISTRICT NUMBER TEN IN CHESTERVILLE.

*Powers of committee under R. S., c. 11, § 28, and when to be appointed.*

The opinion of the superintending school committee that any district in their town unreasonably neglects to raise money for the repair of its school house, when communicated to the municipal officers in a written application under R. S., c. 11, § 28, is a conclusive finding of the fact of such neglect, and makes it the imperative duty of the selectmen to bring the subject before the town at its next meeting; so that errors and omissions in the records of the doings of the school district are immaterial, so far as its liability for repairs made under a vote of the town is concerned.

A statement, in the application of the superintending school committee to the municipal officers, that the district unreasonably neglects to repair its school house is a sufficient compliance with the statute, and indicates sufficiently a refusal to raise money for that purpose, so as to authorize the action of the town in the premises.

It is no defence to a suit to recover for labor and materials furnished in re-
pairing a school house, under contract with a committee appointed by the
municipal officers, by virtue of R. S., c. 11, § 28, that the building has been
unlawfully removed by the selectmen from the lot belonging to the district.
Nor can it affect the contractor's right to payment if the tax assessed to raise
funds for that purpose be illegally assessed or collected.

ON REPORT.

ASSUMPSIT to enforce a lien claim for labor and materials fur-
nished by the plaintiff to the defendants, in repairing their school
house, under the circumstances indicated in the opinion.

*S. Clifford Belcher*, for the plaintiff.

*H. L. Whitcomb*, for the defendants.

APPLETON, C. J.   This is an action of assumpsit for work and
labor done upon the school house of the defendants in repairing
it under a contract with a committee appointed under the provis-
ions of R. S., c. 11, § 28.   It is admitted or proved that the labor
has been done as claimed, and that the district have since occupied
the house for district schools and district meetings.   That the
plaintiff is entitled to compensation from some source is not denied.
The only question raised is whether, upon the facts in evidence,
the defendants are liable.

The general issue has been pleaded.   This plea admits the cor-
porate existence of the defendants.

The fifth article in the warrant calling a meeting of the district
to be holden on the sixteenth of April, 1870, was "to see if the
district will raise a sum of money to repair their school house
with, and if so, what sum, how raised, and how expended."

At the district meeting holden in pursuance of the above war-
rant, when the fifth article was presented for the consideration of
the meeting it was voted, "to pass the article."

By R. S., c. 11, § 28, when, in the opinion of the superintending
school committee, any school district in their town unreasonably
neglects or refuses to raise money for erecting, repairing, renting
or purchasing a school house or school houses and out-buildings,

such as the wants of the district require, or for purchasing or renting land for them to stand upon, and for yards and play grounds, the municipal officers, upon the written application of the superintending school committee, shall insert in their warrant for calling the next town meeting for town affairs, an article to see if the town will vote to raise money in such school district for the purposes above named. And any sum or sums of money so voted to be raised shall be assessed upon the polls and estates therein, and collected and paid over as if originally raised by the district. And thereupon the municipal officers shall appoint three suitable inhabitants of the town a committee to superintend the expenditure of the money for such purpose and they shall have all the power of a committee chosen by the district pursuant to law."

It will be perceived that the opinion of the superintending school committee is conclusive; that when that is expressed in a written application by them to the municipal officers they are required to act in accordance therewith. The school committee is to judge when the exigency requiring their action has arisen. It is not necessary, therefore, to examine the action of the district, for the opinion of the superintending school committee is binding upon it.

Upon the eleventh day of February, 1871, Justus Webster and E. H. Wheeler, as superintending school committee of Chesterville, made a written application to the selectmen of the town, stating therein that "the school house and out-buildings in school district No. 10 . . . are not such as the wants of the district require; . . . that it appears evident that the members of said district have unreasonably neglected to repair said school house sufficient to make it comfortable and convenient." They therefore petitioned the selectmen to insert an article in their next annual warrant, "to see if the town will vote to raise money in school district No. 10, to rebuild or repair the said school house and out-buildings above mentioned."

The application of the superintending school committee, we think, is a substantial compliance with the statute. The utmost nicety cannot be expected nor required in the proceedings of municipal officers.

Pursuant to the request of the superintending school committee the selectmen, on the twenty-second day of February, 1871, issued their warrant for a town meeting to be held on the seventh day of the following month, in which the seventeenth article was as follows:—"To see if the town will vote to raise a sum of money, and how much, to be assessed upon the polls and estates of the inhabitants and non-resident proprietors of school district No. 10, in Chesterville, to rebuild or repair the school house and out-buildings in said district."

At the town meeting it was voted, under the seventeenth article, to raise $175 for the purposes named.

The selectmen on the twentieth day of April, 1871, appointed three men as committee to superintend the expenditure of the money thus voted to be raised, two of whom acted and contracted with the plaintiff to do the labor for which this suit is brought.

The money voted not being enough, a second application under § 28, signed by all three of the superintending school committee was made, bearing date February 17, 1872.

February 17, 1872, a town meeting was called, to be held on the fourth of March then next. The twelfth article in the warrant was, "to see if the town will vote to raise a sufficient sum of money to meet the deficiency remaining in the account for rebuilding the school house in school district No. 10, to be assessed upon the polls and estates of the inhabitants and non-resident proprietors of said school district No. 10."

At the town meeting held in pursuance of the above warrant, it was voted on article 12 :—"to raise the sum of three hundred and twenty-three dollars and 36–100 to meet the deficiencies named in said article."

The sums voted were assessed in accordance with the vote of the town and have been in part collected. It is not necessary to determine whether the assessments were legal or not as the plaintiff can, in no view, be made to suffer for the omissions or neglects of the municipal officers, or for their failures of duty.

By R. S., c. 11, § 26, "a district may choose a committee to

superintend the expenditure of money legally raised by it, to examine and allow accounts, and to draw orders on the town treasurer for the amount raised."

By § 28 the committee appointed to superintend expenditures "have all the power of a committee chosen by the district pursuant to law."

The committee, when money has been raised, whether appointed by the district or by the town, can contract for what is to be done and draw orders for the amount due. In the present case the contract was for labor by the day. The plaintiff has received an order, for part of which he has been paid. The balance remaining due, this action is brought to recover of the district.

The committee appointed by the district would bind the district. The committee appointed by the selectmen have the same power to bind the district. They act for the district and in lieu of the committee of the district. The work was for the district, not for the town. The benefit has accrued to the district, and not to the town. The plaintiff was unable to obtain his order for the whole amount. He is entitled to his pay. The defendant is the party alone liable.

It is objected that the school house has been moved illegally to land not belonging to the district: But whether so or not, the plaintiff is in no way responsible therefor. It furnishes no reason why he should not receive his just dues.

The objection that but two of the superintending school committee applied to the municipal officers of the town in the first instance is answered by the third item of R. S., c. 1, § 4, which is as follows;—"Words giving authority to three or more persons authorize a majority to act, when the enactment does not otherwise determine." *Junkins* v. *Union School District*, 39 Maine, 220. *Defendants defaulted.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.